CINDY M. CIPRIANI
Acting United States Attorney
TIMOTHY C. PERRY
Assistant U.S. Attorney
California Bar No. 248543
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7966
Fax: (619) 546-0450
Email:  Timothy.Perry@usdoj.gov

Attorneys for the United States

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Nos.: 14CR0387-MMA |
| Plaintiff, | **UNITED STATES' UNOPPOSED *EX PARTE* MOTION FOR PROTECTIVE ORDER** |
| v. | |
| RAVNEET SINGH (1),<br>ELECTIONMALL, INC. (2),<br>MARCO POLO CORTES (3), | |
| Defendants. | |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Cindy M. Cipriani, Acting United States Attorney, and Timothy C. Perry, Assistant United States Attorney, hereby moves the Court *ex parte* for a protective order to permit the United States to produce materials otherwise protected from disclosure by Fed. R Crim. P. 6, and to safeguard against the disclosure of discovery materials to persons outside the defense teams.

# I

# ARGUMENT

### A.   United States' Obligations to Disclose Information

As part of its statutory and Constitutional obligations to provide discovery in this case, the United States is required to disclose to the defendants, among other things, materials covered by the Jencks Act (18 U.S.C. § 3500), Brady v. Maryland, and Fed. R. Crim. P. 16 and 26.2.  For purposes of this motion, these materials are referred to generically as "discovery" or "discovery material."

Thus far, the United States has invited defense counsel for each defendant in the above-captioned cases to view discovery material at the offices of the FBI.  In addition, the United States has produced, and intends to continue to produce, discovery material, including witness statements, tax information and otherwise sealed documents sufficiently in advance of trial to allow counsel to prepare for trial and to obviate the need for a recess of the proceedings.  To the extent these discovery obligations conflict with the United States' obligations of secrecy under Fed. R. Crim. P. 6(e), the United States respectfully requests that this Court enter an order directing the United States to provide defense counsel with grand jury testimony and materials subpoenaed by the grand jury in order to satisfy its discovery obligations.  To the extent these materials are tax information obtained from the Internal Revenue Service pursuant to Title 26, United States Code, Section 6103(i)(4)(A), the United States requests that this Court enter an order permitting

2

the United States to disclose that tax information. To the extent the United States must disclose otherwise sealed pleadings to the defense, the United States requests an order permitting it to do so. Finally, the United States moves this Court to limit the parties' ability to disclose discovery material to individuals not involved in the above-captioned cases.

### B. Protective Order

This court has the power to issue "protective and modifying orders" regulating discovery. Fed. R. Crim. P. 16(d)(1). Specifically, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Id.; see Alderman v. United States, 394 U.S. 165, 185 (1969) ("the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect").

In this case, most of the documents have been designated as confidential by the entities that produced them. Certain of these documents, such as financial institution records, necessarily contain private information about the defendants and other individuals and entities. Such information must be protected from disclosure in the open public record. *See* General Order No. 514-C (directing that documents containing Social Security Numbers, dates of birth, financial account information, and home addresses be redacted from public filings). Similarly, tax information, including tax returns of third parties, may contain private information and should likewise be protected from disclosure

to the public. To the extent practicable, these privacy and confidentiality concerns should be respected by the parties to ensure that unnecessary harm is not caused in the course of these proceedings.

The United States submits that a limited protective order covering the pre-trial use of these materials is appropriate and will not undermine the defendant's rights. The proposed order seeks to protect against damage to financial and tax information, reputation and privacy. Moreover, the protective order is narrowly tailored to only cover evidence obtained through the criminal discovery process, and does not preclude any party from using such evidence in a filing or during a hearing or trial. In sum, these restraints on the use of criminal discovery are narrowly tailored to achieve the goals of protecting against unnecessary disclosure of confidential personal and business information, and are justifiable uses of this Court's authority.

Here, the disclosure of discovery should be limited to only those individuals who are personally involved in preparing the defense and trial of this criminal case and for no other purpose. Consequently, the United States moves for a protective order to safeguard this discovery from disclosure to persons outside of the defense team. For purposes of this motion, the "defense team," refers to the defendants, attorneys of record as indicated on the docket in the above-captioned cases and any superseding case only, and paralegals, investigators, experts, and secretaries employed by the attorneys of record and performing work on behalf of the defendants in this criminal case only.

The protective order should:

1. Authorize the United States to disclose information otherwise protected by Federal Rule of Criminal Procedure 6(e);

2. Authorize the disclosure of tax returns and tax information to the defense;

3. Authorize the disclosure of otherwise sealed documents;

4. Prohibit the members of each defense team from distributing, disseminating, disclosing or exhibiting discovery to any person who is not part of that defense team, a witness or an attorney assisting the defense team, and for any purpose other than preparing a defense of this case;

5. Require each counsel of record to ensure that every member of his/her defense team is advised of the protective order and has signed a written acknowledgment, filed with this Court, to be bound by its terms;

6. Require that if, in the course of preparing the defense in this case, counsel of record or any member of the defense team needs to exhibit discovery material to a witness or another attorney, such witness or attorney is notified of the limitations dissemination of discovery material;

7. Require that if discovery material is exhibited to a witness or attorney, the discovery be only shown to, and not left with, that witness or attorney; and

5

8. Require that at the conclusion of the proceedings in this case, counsel of record shall return the discovery to the United States immediately upon request, or certify in writing to the United States that the materials have been destroyed.

Nothing in this motion or in the Court's authorization should be construed as enlarging the United States' discovery obligations or creating any right to material not otherwise discoverable, as determined by the United States or as directed by the Court. Although the United States brings this motion *ex parte*, it has notified Defendant's counsel of this motion and the basis supporting it. Counsel for defendants have advised the United States that they do not oppose the United States' request for a protective order.

## II

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court issue an order authorizing the United States to produce grand jury materials in discovery and prohibiting the defense team from disclosing discovery materials except as otherwise permitted in the Order.

DATED: February 18, 2014

Respectfully submitted,

CINDY M. CIPRIANI
Acting United States Attorney


 /s/ Timothy C. Perry
TIMOTHY C. PERRY
Assistant United States Attorney

6